IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00605-GPG

MELVIN LEE MAYS,

    Plaintiff,

v.

S. MARTINEZ, United States Penitentiary Florence,

    Defendant.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Melvin Lee Mays, is a prisoner in the custody of the Federal Bureau of Prisons currently incarcerated at the United States Penitentiary in Lewisburg, Pennsylvania. Mr. Mays has filed *pro se* a Prisoner Complaint (ECF No. 1) pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971) claiming his rights under the United States Constitution have been violated. He seeks money damages.

    The Court must construe the Prisoner Complaint liberally because Mr. Mays is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Mays will be ordered to file an amended prisoner complaint if he wishes to pursue his claims in this action.

    The Prisoner Complaint is deficient because it does not comply with the pleading

requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992). Specifically, Rule 8(a) provides that a complaint "must contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate Rule 8.

     Mr. Mays' Complaint is confusing. Rather than asserting clearly identifiable claims and summarizing each claim succinctly, Mr. Mays has scattered his allegations throughout a six-page narrative. In the narrative, Mr. Mays alleges that he asserts a "Negligence: Figure 20.1 Tort Claim of wrongful causing of emotional distress and discrimination, harrassment [sic], and violating my constitutional rights Eight Amendment cruel and unusual punishment, Fifth Amendment federal due process, Fourteenth Amendment equal protection of the law, Sixth Amendment confrontation and presence of all unprofesinal [sic] staff misconduct." Mr. Mays further alleges that

Defendant harasses and discriminates against Plaintiff because he is black and because of "my 205 incident report history."

Mr. Mays fails to provide a short and plain statement of his claims showing he is entitled to relief. Mr. Mays' vague and conclusory allegations that Defendant violated his constitutional rights are not sufficient. For each claim he asserts in the amended complaint, Mr. Mays "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It is Mr. Mays' responsibility to present his claims in a manageable format that allows the Court and Defendant to know what claims are being asserting and to be able to respond to those claims. Mr. Mays must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the Prisoner Complaint does not meet the requirements of Fed. R. Civ. P. 8. Mr. Mays, however, will be given an opportunity to cure the deficiencies by submitting an amended Prisoner Complaint that states defendants and claims clearly and

concisely in compliance with Fed. R. Civ. P. 8, and alleges specific facts that demonstrate how each named defendant personally participated in the asserted constitutional violations.  The Court will not consider any claims raised in separate attachments, amendments, supplements, motions, or other documents not included in the amended Prisoner Complaint.  Accordingly, it is

ORDERED that Mr. Mays file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Mays shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Mays fails to file an amended complaint that complies with this order within the time allowed, the action or some of the claims and defendants will be dismissed without further notice.

DATED April 14, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge